

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co,*

Honorable George H. Sheppard
Comptroller of Public-Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-2835
Re: Whether contracting
attorney should have
made a new bond or ob-
tained an extension of
the term of the previous
bond upon renewal of
delinquent tax contract.

In your letter of October 17, 1940, you advise us of the following facts. Hidalgo County and Harry Hall were parties to a delinquent tax contract dated November 29, 1938, covering the period from December 1, 1938 to December 31, 1939. A surety bond for the performance of service under this contract was made by Mr. Hall and approved January 24, 1939. On December 11, 1939, the contract was extended to cover the period December 31, 1939, to December 31, 1940. You request our opinion in response to the following question: "Should not the bond have an addendum attached, or else a new bond made to cover the extended period?"

You attach to your letter a photostat of the bond made by Mr. Hall. It is in the penal sum of $5,000 and is conditioned "that the undersigned Harry Hall shall specifically perform the terms of the above-mentioned con- tract, including the making of reports of collections out of which he is entitled to commission, and further con- ditioned that he shall forthwith pay over to the Tax Col- lector any moneys or commissions paid him by mistake or through error to which he is not entitled under the terms of this contract; and if the said Harry Hall shall faith- fully do and perform said duties placed upon him by said contract, then this obligation shall be null and void,

Honorable George H. Sheppard, Page 2

otherwise to remain in full force and effect."

The contract was made under authority of Articles 7335 and 7335a, Vernon's Civil Statutes. Nowhere in the statutes is there found any provision which would cause liability under the bond to be extended to future contracts, either in the nature of renewals or entirely new contracts. The bond itself in its own terms is addressed only to the original contract and the performance of its terms by Harry Hall. Since such bond does not so provide, the surety could not be held liable for the performance on the part of Mr. Hall of any other contract than the original one. See American Surety Company v. State, 277 S. W. 790; 7 Texas Jurisprudence p. 91; 9 C. J. p. 40. Since the bond approved January 24, 1939, is not liable for Mr. Hall's performance of the renewal contract it follows that your question should be answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:rw          APPROVED OCT 25, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

